USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 3 0 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re: Maywood Capital, Inc.,
            Debtor
-------------------------------------------------------x
In re: Bodden Mortgage Litigation

MASTER FILE

07 Civ. 3128 (LTS)

This Document Relates To: ALL ACTIONS


-------------------------------------------------------x

## MEMORANDUM ORDER

      Certain defendants in ten related adversary proceedings commenced in the United States Bankruptcy Court for this District by John S. Pereira as trustee for a number of related debtors (the "Movants" and the "Trustee," respectively) move for orders determining the adversary proceedings to be non-core and withdrawing the reference of those proceedings. In the underlying adversary proceedings, the Trustee seeks avoidance of numerous mortgages and liens placed by certain of the defendants on real properties owned by the debtors, as well as avoidance of subsequent transfers of such interests. At least some of the mortgaged properties are no longer owned by the debtors; separate adversary proceedings seeking to avoid the transactions that resulted in the defeasance of the properties are currently pending in the bankruptcy court.

      The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334.

      For the following reasons, the Court determines that the underlying adversaries are core proceedings within the meaning of 28 U.S.C. § 157(b)(2) and denies the motions for withdrawal of the reference.

Title 28 contemplates that, ordinarily, the bankruptcy judge in a referred matter will determine whether the matter is a core proceeding. 28 U.S.C. § 157(b)(3). The statute does not so require, however, and the Court finds that it is in the interests of judicial economy to address the question in connection with this motion practice because Movants indicate that they intend promptly to initiate a dispositive motion addressed to the pleadings.

Movants argue that the underlying adversary proceedings are non-core because the debtors no longer own the properties that were the subject of the challenged transfers. Reasoning from the proposition that property that is itself the subject of a fraudulent conveyance proceeding is not property of the estate until and unless the trustee prevails in the fraudulent conveyance proceeding,[1] Movants contend that the instant proceedings cannot be core proceedings because they do not concern property of the estate. The statute does not, however, limit core proceedings to those involving disputes over property of the estate. Rather, "proceedings to determine, avoid or recover fraudulent conveyances" are specifically enumerated as core proceedings without any qualification limiting such actions to situations in which the debtor is currently in possession of property burdened by an allegedly fraudulent transfer. 28 U.S.C.A. § 157(b)(2)(H) (West 2007).

In the underlying adversary proceedings, the Trustee alleges that substantial mortgages and liens that were imposed on property then owned by the debtors were given for no, or less than, equivalent value, under circumstances that constituted fraudulent transfers. The imposition of a mortgage or lien clearly affects the value of a property. The subsequent transfer of the owner's interest in the mortgaged property by no means assures the owner's recovery of

---

[1] See Colonial Realty Co. v. Federal Dep. Ins. Co., 980 F.2d 125, 131 (2d Cir. 1992).

the value of the mortgage interest. The Trustee seeks to avoid the mortgages and liens or, alternatively, recover their value on behalf of the estate. Recovery of the value of a fraudulent transfer is a form of relief specifically contemplated by section 550 of the Bankruptcy Code. See 11 U.S.C. § 550. The adversary proceedings that are the subject of this application are thus, clearly fraudulent conveyance actions within the meaning of section 157(b)(2)(H) and are therefore core proceedings that the bankruptcy judge has power to hear and determine. See 28 U.S.C.A. § 157(b).

Because the adversaries are core proceedings, there is no need to withdraw the reference in anticipation of dispositive motion practice. Nor do the Movants' jury trial demands warrant withdrawal at this stage, even if the Movants may be entitled in the future to jury trials as to the Trustee's efforts to recover the monetary value of the challenged transfers. Many cases are resolved short of trial, and the bankrupty court is empowered to conduct jury trials on consent. See 28 U.S.C.A. § 157(e). Withdrawal of the reference on the basis of the possible need for a district court jury trial would therefore be unwarranted and premature.

Accordingly, the motions are denied to the extent they seek determinations that the adversary proceedings are non-core. The Court hereby determines, for the reasons explained above, that they are core proceedings. The motions are also denied to the extent they seek orders withdrawing the reference of these adversary proceedings, without prejudice to future motion practice in the event that jury trials are required and the parties do not consent to the conduct of such trials before the bankruptcy judge.

The Clerk of Court is respectfully requested to close the Master and related case files on this matter.

SO ORDERED.

Dated: New York, New York
August 30, 2007

LAURA TAYLOR SWAIN
United States District Judge